**ALBRIGHT & FRIEL, Inc., OF DELAWARE**

v.

**UNITED STATES of America.**

**Civ. A. No. 20095.**

United States District Court
E. D. Pennsylvania.

July 23, 1956.

Duane, Morris & Heckscher, Joseph W. Price, III, Philadelphia, Pa., for plaintiff.

Andrew D. Sharpe, David A. Wilson, Jr., Washington, D. C., Charles K. Rice, Acting Asst. Atty. Gen., W. Wilson White, U. S. Atty., Philadelphia, Pa., for the Government.

KRAFT, District Judge.

The plaintiff, a Delaware corporation[1], brought this civil action against the United States in the Eastern District of Pennsylvania to recover internal-revenue taxes which plaintiff alleges it was erroneously required to pay. Defendant has moved to dismiss the complaint under Federal Rules of Civil Procedure, rule 12(b) (3), 28 U.S.C. on the ground of improper venue. Jurisdiction over such a claim is conferred by 28 U.S.C.A. § 1346(a).

---

1. Though the complaint avers only that plaintiff is a corporation organized under Delaware laws, counsel have since stipulated that plaintiff was registered to do business and was doing business within this district when suit was filed.

However, 28 U.S.C.A. § 1402(a) provides:

"(a) Any civil action against the United States under subsection (a) of section 1346 of this title may be prosecuted only in the judicial district where the plaintiff resides."

Defendant contends that the judicial district in which this plaintiff resides is Delaware, the district and state of its incorporation. This contention is supported by Suttle, Admx. v. Reich Bros. Construction Co., 1948, 333 U.S. 163, 68 S.Ct. 587, 92 L.Ed. 614, and a long line of earlier decisions which uniformly held that the residence of a corporation within the meaning of the venue statutes is only in the state and district in which it was incorporated.

■ The plaintiff seeks to meet this challenge by the assertion that, while this may have formerly been the law, a change was effected by 28 U.S.C.A. § 1391(c). Section 1391 is captioned "Venue generally;" subsection (c) thereof provides:

"(c) A corporation may be sued in any judicial district in which it is incorporated or licensed to do business or is doing business, and such judicial district shall be regarded as the residence of such corporation for venue purposes."

Plaintiff insists that this subsection applies as well to corporate plaintiffs as to corporate defendants. It ascribes to this section the same meaning as if it read "A corporation may sue or be sued, etc." The decisions upon this question are at variance.[2]

Analysis of the last clause of Section 1391(c) does not support plaintiff's contention that, for venue purpose, it defines the residence of corporate plaintiffs as well as corporate defendants. The cases relied on by plaintiff reason that the first portion of the paragraph, which obviously refers only to defendant corporations, expresses the complete thought with respect to defendant corporations; that the latter portion is redundant and meaningless unless construed to refer to something other than defendant corporations; and that, since Congress can never be held guilty of deliberate redundancy, the latter portion referring to "residence" must refer also to plaintiff corporations if effect is to be given to every word of the statute.

This reasoning gives no significance whatever to the word "such" modifying "corporation." Giving the words of the last clause their plain, necessary import, the clause provides that the judicial district in which a corporation is incorporated, licensed to do business or is doing business shall be regarded, for venue purposes, as the residence of the corporation *against* which suit is or may be brought.

■ Congress alone has power to say where and when the United States may be sued and courts are confined to the letter of the statute which authorizes such a suit. Department of Highways, State of La. v. United States, 5 Cir., 1953, 204 F.2d 630. Had Congress intended to enlarge the venue for suits against the United States provided for by §§ 1346(a) and 1402(a), the conclusion is inescapable that it would readily have done so with sufficient clarity to make unnecesary resort to the plaintiff's strained construction of § 1391(c).

This conclusion is aided by the fact that § 1402(a), supra, authorizes a civil action against the United States under § 1346(a) *"only in the judicial district where the plaintiff resides."* (Emphasis supplied.) This statute contemplates only one place of residence for the plaintiff. If this section were to be

---

2. The plaintiff's view is supported by Freiday v. Cowdin, D.C.S.D.N.Y.1949, 83 F. Supp. 516; Hadden v. Barrow, Wade, Guthrie & Co., D.C.N.D.Ohio 1952, 105 F.Supp. 530; Southern Paperboard Corp. v. United States, D.C.S.D.N.Y.1955, 127 F.Supp. 649. The government's position is upheld by Chicago & North Western Ry. Co. v. Davenport, D.C.S.D.Iowa 1950, 94 F.Supp. 83; United Merchants & Manufacturers, Inc. v. United States, D.C. M.D.Ga.1954, 123 F.Supp. 435.

construed as contemplating residence of the plaintiff in more than one judicial district and, hence, as authorizing suit against the United States under § 1346(a) in more than one judicial district, the word "the" in the phrase "only in the judicial district" would be rendered meaningless.

Since § 1391(c) does not authorize a suit by a corporate plaintiff against the United States under § 1346 (a) in a judicial district other than the one in which plaintiff is incorporated the present suit was begun in the wrong district. However, the action will not be dismissed but, in the interest of justice, will be transferred to the District Court of the United States for the District of Delaware, conformably to 28 U.S.C.A. § 1406, upon submission by counsel of an appropriate order.