**CONTROL DATA CORPORATION,**
**Plaintiff,**

v.

**CAROLINA POWER & LIGHT COMPANY and Ebasco Services Incorporated, Defendants.**

**Civ. A. No. 67–23.**

United States District Court
S. D. New York.

April 25, 1967.

On Rehearing May 23, 1967.

---

Rogers, Hoge & Hills, New York City, for plaintiff.

Cahill, Gordon, Sonnett, Reindel & Ohl, New York City, for defendants.

MOTLEY, District Judge.

### Memorandum Opinion
### Findings of Fact And
### Conclusions of Law

Plaintiff, Control Data Corporation (Control), brought this action against Carolina Power and Light Company (Carolina) and Ebasco Services Incorporated (Ebasco). The action against Carolina is (a) for goods sold and delivered; to wit: certain automatic data processing equipment, and (b) for services rendered by Control at the special instance and request of defendant Carolina.

In the alternative, if and to the extent that Carolina is found not to be liable for any portion of the sum claimed, plaintiff Control prays judgment against defendant Ebasco, by reason of Ebasco's having incurred obligation for the aforesaid goods and services while acting as agent for defendant Carolina.

Although it has not been specifically alleged by the complaint, federal jurisdiction, if it exists at all, must rest on the grounds of diversity of citizenship.

Carolina moves to dismiss the action or, in the alternative, to transfer it to the United States District Court for the Eastern District of North Carolina. The grounds for this motion are as follows:

1) Pursuant to Federal Rules of Civil Procedure, Rule 12(b) (2), the Court lacks *in personam* jurisdiction over defendant Carolina;

2) Pursuant to Federal Rules of Civil Procedure, Rule 12(b) (5), defendant Carolina was not served with valid process;

3) Under 28 U.S.C. § 1391(c), venue is improper as to defendant Carolina; and

4) (in the alternative) The action should be transferred for the convenience of parties and witnesses and in the interest of justice under 28 U.S.C. § 1404.

After oral argument of the motion and review of the memoranda, affidavits and exhibits submitted, the Court finds that venue has been improperly laid in this district and accordingly finds it unnecessary to consider the other grounds raised by this motion.

The relevant parts of 28 U.S.C. § 1391 read as follows:

"(a) A civil action wherein jurisdiction is founded only on diversity of citizenship may, except as otherwise provided by law, be brought only in the judicial district where all plaintiffs or all defendants reside. * * *

(c) A corporation may be sued in any judicial district in which it is incorporated or licensed to do business or is doing business, and such judicial district shall be regarded as the residence of such corporation for venue purposes."

In this particular case, then, venue is proper only 1) if plaintiff Control "resides" in this district, within the meaning of the statute, or 2) if both defendants Carolina and Ebasco "reside" here, within the meaning of 28 U.S.C. § 1391.

### Residence of Plaintiff

Determination of a corporate party's residence for federal venue purposes requires a construction of 28 U.S.C. § 1391 (c). It is clear and uncontested that plaintiff Control is a corporation incorporated under the laws of Minnesota and is therefore a resident of that state. It is likewise clear and uncontested that Control is doing business in this district. Under the standard which applied prior to the enactment of 28 U.S.C. § 1391(c) in 1948, plaintiff would *not* be a resident of this district for federal venue purposes, since a plaintiff corporation was deemed a resident only of the state in which it was incorporated. Suttle v.

Reich Bros. Construction Co., 333 U.S. 163, 68 S.Ct. 587, 92 L.Ed. 614 (1948); Shaw v. Quincy Mining Co., 145 U.S. 444, 12 S.Ct. 935, 36 L.Ed. 768 (1892). The question for the Court then is whether 1391(c) changed the prevailing law so that both plaintiff and defendant corporations are deemed residents of any district where they are doing business or whether 1391(c) applies only to defendant corporations.

On this point there is a sharp division of authority. See 1 Moore's Fed.Practice ¶ 70.142[5–3] at 1500–1503; 1 Barron & Holtzoff, Federal Practice and Procedure § 80, at 386–388 (Wright rev. 1960). There have been decisions, some in this district, which have held that 1391 (c) was intended to apply to both plaintiff and defendant corporations. Toilet Goods Association, Inc. v. Celebrezze, 235 F.Supp. 648 (S.D.N.Y.1964); Wear-Ever Aluminum, Inc. v. Sipos, 184 F. Supp. 364 (S.D.N.Y.1960); Southern Paperboard Corporation v. United States, 127 F.Supp. 649 (S.D.N.Y.1955); Friday v. Cowdin, 83 F.Supp. 516 (S.D.N.Y. 1949), appeal dismissed by consent, 177 F.2d 1020 (2d Cir. 1949); Consolidated Sun Ray, Inc. v. Steel Insurance Co., 190 F.Supp. 171 (E.D.Pa.1961); Travelers Insurance Co. v. Williams, 164 F.Supp. 566 (W.D.N.C.1958) aff'd 265 F.2d 531 (4th Cir. 1959); Standard Insurance Co. v. Isbell, 143 F.Supp. 910 (E.D.Tex. 1956); Eastern Motor Express, Inc. v. Espenshade, 138 F.Supp. 426 (E.D.Pa. 1956); Hadden v. Barrow, Wade, Guthrie & Co., 105 F.Supp. 530 (N.D.Ohio 1952).

The view taken in this line of cases is that construing 1391(c) in this way is more in keeping with the Congressional intent of liberalizing the venue statutes. It holds that unless 1391(c) applies to both corporate plaintiffs and defendants the second clause would be redundant, and the Court would have to ascribe to Congress the anomalous intent to define the residence of corporate defendants, but not corporate plaintiffs.

However, the only circuit courts of appeal that have ruled on this question take a different view. Robert E. Lee & Co. v. Veatch, 301 F.2d 434 (4th Cir. 1961), cert. denied 371 U.S. 813, 83 S.Ct. 23, 9 L.Ed.2d 55; Carter-Beveridge Drilling Co. v. Hughes, 323 F.2d 417 (5th Cir. 1963). See also Abbott Laboratories v. Celebrezze, 228 F.Supp. 855 (D.C.Del. 1964) vac'd and dismissed on other grounds 352 F.2d 286 (3rd Cir. 1965), aff'd 352 F.2d 524 (3rd Cir. 1965) cert. granted 383 U.S. 924, 86 S.Ct. 928, 15 L.Ed.2d 844 (1966); Nebraska-Iowa Bridge Corporation v. United States, 158 F.Supp. 796 (D.C.Neb.1958); Albright & Friel, Inc. of Delaware v. United States, 142 F.Supp. 607 (E.D.Pa.1956); Chicago & North Western Ry. v. Davenport, 94 F.Supp. 83 (S.D.Iowa 1950), vac'd on other grounds, 95 F.Supp. 469 (S.D.Iowa 1951).

This line of cases was followed in a recent decision by Judge Bonsal of this district in a case highly similar to the one at bar. Lumbermens Mutual Casualty Company v. South Portland Engineering Company, and Electric Boat Company Division of Dynamics Corp., 252 F.Supp. 149 (S.D.N.Y.1966).

The reasoning on which the view that § 1391(c) applies to corporate defendants only is based holds that there is nothing in the legislative history to indicate Congress intended a more radical departure from prior law. Rather, 1391(c) is seen as a codification of the case law that had developed at this time. This view holds that the plain meaning of the words of § 1391(c) and the syntax of that sub-section indicate that Congress intended it to apply to corporate defendants only, — that if Congress had intended to include corporate plaintiffs, different language would have been employed. In the face of such wording, the courts are not justified in extending the meaning to cover corporate plaintiffs.

This Court shares the view of the courts of appeals and Judge Bonsal and, therefore, must hold that for purposes of § 1391(c) plaintiff Control is a resident of Minnesota only and not of this district.

*Defendants' Residence*

■■ There is no question that Ebasco is doing business in New York and is a resident of this district. The question of whether Carolina was "doing business" such as to make it a resident of this district for § 1391 purposes requires closer scrutiny. What constitutes "doing business" for purposes of venue is governed by federal law, even though, in a diversity case, it is state law which determines whether a corporation is "doing business" in the state for purposes of jurisdiction. Rensing v. Turner Aviation Corp., 166 F.Supp. 790 (N.D.Ill.1958). What constitutes "doing business" must depend upon the facts in each case. Walton N. Moore Dry Goods Co. v. Commercial Industrial Co., 282 Fed. 21 (9th Cir. 1922).

Here we have Carolina which is a North Carolina corporation incorporated under the laws of that state and having its principal place of business in Raleigh, North Carolina. Carolina's sole business is the generation, transmission and distribution of electric power in the states of North and South Carolina. All of its generating, transmitting and distributing facilities are located entirely in those states. Carolina has no office or place of business in New York. It is not licensed to do business in New York. This controversy relates to the design, manufacture, operation and delivery of certain equipment to Carolina for operation in North Carolina. The goods and equipment which are the subject of this action were delivered to Carolina in North Carolina and are presently in that state.

■■ Carolina's connection with New York in this controversy is that for this single transaction, Carolina engaged Ebasco, a New York firm, for the limited purpose of making the contract concerning this computer equipment and supervising its installation. Carolina does not control Ebasco, and so far as the affidavits and written and oral argument show, they are not corporately related. This contact is insufficient grounds for holding Carolina is "doing business" in this district. Lumbermens Mutual Casualty Co., supra; Walton N. Moore Dry Goods Co., supra. Ebasco is not a subsidiary of Carolina, but even if it were, courts have held that this fact, in and of itself would not necessarily mean that the parent (in this case Carolina) was doing business here. Cannon Manufacturing Co. v. Cudahy Packing Co., 267 U.S. 333, 45 S.Ct. 250, 69 L.Ed. 634 (1925); Echeverry v. Kellogg Switchboard & Supply Co., 175 F.2d 900 (2d Cir. 1949); Schenstrom v. Continental Machineries, Inc., 7 F.R.D. 434 (S.D.N.Y. 1947). Neither will such contacts, unrelated to this controversy, such as Carolina's consultation with counsel within this jurisdiction or its offering of securities for sale in New York, urged by plaintiff in opposition to this motion, support a finding that Carolina was doing business here. See Hastings v. Piper Aircraft Corp., 274 App.Div. 435, 84 N.Y.S.2d 580 (1st Dept. 1948), reargument denied 275 App.Div. 660, 86 N.Y.S.2d 668 (1949); Grossman v. Sapphire Petroleums, Ltd., 195 N.Y.S.2d 851 (Sup.Ct. Kings Co.1959); Wahl v. Vicana Sugar Co., 144 N.Y.S.2d 613 (Sup.Ct.N.Y.Co. 1955), aff'd 2 A.D.2d 848, 156 N.Y.S.2d 993 (1st Dept.1956). Consequently, this court holds that Carolina is not a resident of this district for purposes of § 1391.

■ Therefore, since this district is neither the residence of all the plaintiffs nor of all the defendants under 28 U.S.C. § 1391(a), this court concludes that venue was improperly laid in this district.

There is presently pending in the Eastern District of North Carolina an action brought by Carolina against Control and other defendants involving the same contract, goods and services as are involved in this controversy. Ebasco is not a part of that action but according to the affidavits is amenable to process there and deems that forum more appropriate than this one as far as the present controversy is concerned. Accordingly, this action will be transferred to the District Court for the Eastern Dis-

trict of North Carolina (28 U.S.C. § 1406 (a)).

Settle order on notice.

## On Reargument

Pursuant to Rule 9(m) of the General Rules of this court, plaintiff moved on May 2, 1967 for a reargument of defendant Carolina's motion to dismiss the complaint or, in the alternative, to transfer this proceeding to the Eastern District of North Carolina. The motion is granted without further argument.

Plaintiff assigns two grounds for reargument;

*First,* that the court overlooked an amendment to 28 U.S.C. § 1391 which statute was the authority upon which its decision was rendered, and

*Second,* the court overlooked plaintiff's application on oral argument for referral of the contested factual issues relating to jurisdiction and venue questions to a referee or, in the alternative, for leave to respond to extensive new facts raised by defendant Carolina in affidavits served on plaintiff just prior to argument and which facts now appear critical to the court's determination on the motion.

Both parties have submitted briefs on plaintiff's motion for reargument. Both parties appeared before this court and argued the effect of the amendment to § 1391(a). The defendant's motion had been fully briefed and argued, at length, on the original hearing of that motion.

█ In addition, the court has granted plaintiff leave to respond to defendant Carolina's reply affidavits served on plaintiff just prior to argument of defendant's motion. The court has now had opportunity to read the two additional affidavits filed by plaintiff and its additional memorandum wherein plaintiff reargues the original motion and the effect of the amendment to 28 U.S.C. § 1391(a). Plaintiff now claims that it cannot reply to the affidavits of defendant in the absence of discovery as to the relationship between defendant Carolina and defendant Ebasco. Plaintiff believes, however, that "both the terms

of the contract and the performance thereunder as detailed by the affidavits of Mr. Miller and Mr. Dickinson (submitted herewith) so completely belie these [defendant's] assertions that serious reservations arise which should not be withheld from the court." The court is not convinced that there are other relevant undisclosed facts which would cause the court to reverse its prior decision in which it found that defendant Carolina was not doing business in New York for the purposes of 28 U.S.C. § 1391(c). The plaintiff is required by the provision of Rule 9(m) of the General Rules of this court to point out on a motion for reargument matter which the court has overlooked, not speculate as to the existence of evidence not yet discovered by the moving party.

Plaintiff urges that the contract between it and Carolina and its additional affidavits show that the claim arose in this District. Since the claim arose here, plaintiff says, the venue of this action is properly laid here. Plaintiff relies upon a 1966 amendment to 28 U.S.C. § 1391(a) which makes that provision read as follows:

"a. A civil action wherein jurisdiction is founded only on diversity of citizenship may, except as otherwise provided by law, be brought only in the judicial district where all plaintiffs or all defendants reside, *or in which the claim arose.*" (Italicized portion is the amendment.)

█ The claim, within the four corners of the complaint, is for money due for goods sold and delivered to defendant Carolina and for services rendered to defendant Carolina. The complaint alleges that Carolina owes plaintiff $1,822,153.04 for said goods and services and, if not, then the money is owed by defendant Ebasco "by reason of having incurred obligation for the aforesaid goods and services while acting as agent" for Carolina. The claim clearly does not arise in New York.

Having belatedly discovered the amendment to § 1391(a), plaintiff in its request for reargument recasts its claim in

an attempt to reap the benefit of the amendment. Plaintiff now claims that Ebasco, Carolina's agent for the purposes of the admittedly technically unprecedented contract with plaintiff, failed to supply plaintiff with certain data in New York necessary to the successful operation of the equipment installed in defendant Carolina's plant. Such a veiled attempt to amend a complaint is not the office of a motion for reargument under Rule 9(m) of the General Rules of this court. However, by reference now to all of the affidavits and briefs now before the court, the court is not persuaded that the real claim here arises in New York.

Plaintiff urges that the court make clear whether it assumed *in personam* jurisdiction of defendant Carolina under either § 301 or § 302 of the New York CPLR and, if so, use this standard as the criterion for finding that venue is proper in this court. Plaintiff claims this court generally does not distinguish between the "doing of business" test for jurisdiction and the same test for purposes of venue. Plaintiff admits, however, that the Second Circuit has never held this treatment of the problem proper. Jaftex Corp. v. Randolph Mills, Inc., 282 F.2d 508, 512 n.2 (2d Cir. 1960) overruled in Arrowsmith v. United Press International, 320 F.2d 219, 6 A.L.R.3d 1072 (2d Cir. 1963).

Since a finding of jurisdiction is unnecessary to the transfer of a case under 28 U.S.C. § 1406(a), this court finds it needless to decide whether it has *in personam* jurisdiction over defendant Carolina. Goldlawr Inc. v. Heiman, 369 U.S. 463, 82 S.Ct. 913, 8 L.Ed.2d 39 (1962); United States v. Berkowitz, 328 F.2d 358 (3rd Cir. 1964), cert. denied, 379 U.S. 821, 85 S.Ct. 42, 13 L.Ed.2d 32.

■ In view of the protracted argument which has already taken place on this motion, and in the interest of judicial economy, the court finds it necessary to make a further observation. Having reviewed the additional affidavits and memorandum in conjunction with the earlier affidavits and memoranda, the court is convinced that even *if* plaintiff should be allowed at this time to amend his complaint to embrace a claim such as he now urges for the first time on reargument, and even *if* that claim could be found to have arisen in this district, the convenience of parties and witnesses and the interest of justice would dictate that this is still an action which should be properly tried in the Eastern District of North Carolina. 28 U.S.C. § 1404(a).

Therefore any further delay in effecting this transfer should be avoided. Settle order on notice in accordance with the opinions of the court.