## SUTTLE, ADMINISTRATRIX, *v.* REICH BROS. CONSTRUCTION CO. ET AL.

No. 214.   Argued December 18, 1947.—Decided March 8, 1948.

*Charles F. Engle* and *John D. Miller* argued the cause and filed a brief for petitioner.

*George T. Owen, Jr.* argued the cause and filed a brief for respondents.

MR. CHIEF JUSTICE VINSON delivered the opinion of the Court.

We granted certiorari in this case to consider a question arising under the federal venue statutes. Petitioner, a resident and citizen of the State of Mississippi, brought a negligence action based on diversity of citizenship in the District Court for the Eastern District of Louisiana. The defendants in that suit were the respondents Reich Bros. Construction Company, a partnership, and its individual members, residents of the Western District of Louisiana, and Highway Insurance Underwriters, a Texas corporation which had qualified to do business in Louisiana pursuant to a statute of that State.

Section 51 of the Judicial Code provides that ". . . where the jurisdiction is founded only on the fact that the action is between citizens of different States, suit shall be brought only in the district of the residence of either the plaintiff or the defendant."[1] This general provision is qualified by § 52 of the Judicial Code, which states that ". . . if there are two or more defendants, residing in different districts of the State, . . . [suit] may be brought in either district, . . ."[2]

---

[1] Act of March 3, 1887, 24 Stat. 552, as corrected by Act of August 13, 1888, 25 Stat. 433, 28 U. S. C. § 112.

[2] R. S. § 740, 36 Stat. 1101, 28 U. S. C. § 113. The section in its entirety follows: "When a State contains more than one district, every suit not of a local nature, in the district court thereof, against a single defendant, inhabitant of such State, must be brought in the district where he resides; but if there are two or more defendants, residing in different districts of the State, it may be brought in either district, and a duplicate writ may be issued against the defendants, directed to the marshal of any other district in which any defendant resides. The clerk issuing the duplicate writ shall endorse

It is conceded by the parties that the Texas corporation, Highway Insurance, having qualified to do business in Louisiana is amenable to suit in the federal courts for either the Eastern or Western District of that State.[3] The critical issue of the case is whether Highway Insurance may be regarded as a "resident" of the Eastern District of Louisiana within the meaning of § 52 of the Judicial Code, so that respondents Reich Bros. Construction Company and its individual members may properly be sued as co-defendants of the corporation in the Eastern District of Louisiana, despite the fact that respondents are residents of the Western District of that State.

The respondents moved to dismiss the action on the ground of improper venue. The District Court granted the motion, and the suit was dismissed as to respondents, leaving the action pending against the corporation. The Circuit Court of Appeals affirmed.[4]

The issue we are called upon to resolve is a narrow one. We are not confronted with the abstract question whether, under any circumstances or for any purposes, a foreign corporation may properly be regarded as acquiring "residence" in a State other than that in which it was incorporated. Nor is our problem that of discovering whether, under state law, a qualified foreign corporation is treated as a "resident" of the State in

---

thereon that it is a true copy of a writ sued out of the court of the proper district; and such original and duplicate writs, when executed and returned into the office from which they issue, shall constitute and be proceeded on as one suit; and upon any judgment or decree rendered therein, execution may be issued, directed to the marshal of any district in the same State."

[3] See *Neirbo Co.* v. *Bethlehem Shipbuilding Corp.*, 308 U. S. 165 (1939); *Oklahoma Packing Co.* v. *Oklahoma Gas & Electric Co.*, 309 U. S. 4 (1940).

[4] 161 F. 2d 289 (1947).

which it is doing business.[5]   The sole issue of this case relates to the construction of the term "residence," appearing in the particular federal venue statutes under consideration, as it applies to a foreign corporation.

The "residence" of a corporation, within the meaning of these statutes has frequently been the subject of consideration by this Court for a period of over half a century.   Shortly after Congress had enacted § 51 of the Judicial Code in substantially its present form, this Court declared that the "residence" of a corporation, within the meaning of the venue statutes, is only in "the State and district in which it has been incorporated." [6]   Thus, in *Shaw* v. *Quincy Mining Co.,* 145 U. S. 444, 450 (1892), it was said: "This statement has been often reaffirmed by this court, with some change of phrase, but always retaining the idea that the legal existence, the home, the domicil, the habitat, the residence, the citizenship of the corporation can only be in the State by which it was created, although it may do business in other States whose laws permit it."

For almost sixty years, in an unbroken line of decisions, this Court has applied the same construction.[7]   That view

---

[5] See *Mississippi Publishing Corp.* v. *Murphree,* 326 U. S. 438, 443–444 (1946); *Neirbo Co.* v. *Bethlehem Shipbuilding Corp.,* 308 U. S. 165, 175 (1939); *Ex parte Schollenberger,* 96 U. S. 369, 377 (1878).

[6] *Shaw* v. *Quincy Mining Co.,* 145 U. S. 444, 449 (1892).

[7] *Southern Pacific Co.* v. *Denton,* 146 U. S. 202, 205 (1892); *In re Keasbey and Mattison Co.,* 160 U. S. 221, 229 (1895); *Macon Grocery Co.* v. *Atlantic Coast Line R. Co.,* 215 U. S. 501, 509 (1910); *Ladew* v. *Tennessee Copper Co.,* 218 U. S. 357, 367 (1910); *Male* v. *Atchison, Topeka & Santa Fe R. Co.,* 240 U. S. 97, 102 (1916); *General Investment Co.* v. *Lake Shore & Michigan Southern R. Co.,* 260 U. S. 261, 274–279 (1922); *Seaboard Rice Milling Co.* v. *Chicago, Rock Island & Pacific R. Co.,* 270 U. S. 363, 366 (1926); *Luckett* v. *Delpark, Inc.,* 270 U. S. 496, 499 (1926); *Burnrite Coal Briquette Co.* v. *Riggs,* 274 U. S. 208, 211 (1927).   And see *In re Hohorst,* 150 U. S. 653, 662 (1893); *Galveston, Harrisburg and San Antonio R. Co.* v. *Gonzales,* 151 U. S. 496, 503–504, 506 (1894).

was reaffirmed as recently as 1946 in the opinion of the Court in *Mississippi Publishing Corp.* v. *Murphree,* 326 U. S. 438, 441.[8]

Congress has revealed a similar understanding of the term "residence" when enacting special venue statutes in situations in which it was intended that, at the election of the plaintiff, a corporation should become amenable to suit either in the State of incorporation or in States in which it is carrying on corporate activities. In those statutes, Congress has provided that the venue of such suits should be located not only in the district in which the corporation is a "resident" or an "inhabitant," but also in districts in which it may be "found," "transacts business," or has an agent to receive service of process.[9]

Nor does the decision of this Court in *Neirbo Co.* v. *Bethlehem Shipbuilding Corp.,* 308 U. S. 165 (1939), require that the term "residence" be construed differently. In that case, the plaintiffs, citizens and residents of New Jersey, brought suit based on diversity of citizenship against the defendant, a Delaware corporation, in the Southern District of New York. This Court held that the venue requirements in the federal courts may be waived and that the defendant, since it had appointed an agent to receive service of process in New York pursuant to

---

[8] Section 52 of the Judicial Code qualifies or provides an exception to the general provisions of § 51. There would be no basis for the suggestion that Congress intended to attribute a meaning to the term "residence" in § 51 different from that in § 52.

[9] See, *e. g.,* § 12 of the Clayton Act, 38 Stat. 736, 15 U. S. C. § 22: "Any suit, action, or proceeding under the antitrust laws against a corporation may be brought not only in the judicial district whereof it is an inhabitant, but also in any district wherein it may be found or transacts business; and all process in such cases may be served in the district of which it is an inhabitant, or wherever it may be found." See also § 48 of the Judicial Code, 29 Stat. 695, 28 U. S. C. § 109; § 4 of the Clayton Act, 38 Stat. 731, 15 U. S. C. § 15; 36 Stat. 291, 45 U. S. C. § 56.

a statute of that State, might not insist upon suit being brought in Delaware, the State of its incorporation, or in New Jersey, the State in which plaintiffs resided. But this Court did not hold that in losing the privilege of insisting upon suit in districts specified in § 51 of the Judicial Code, the defendant corporation thereby acquired "residence" in New York, within the meaning of the venue statutes. Indeed, the Court specifically stated that the suit "was not brought 'in the district of the residence of either the plaintiff or the defendant.' "[10]

For the reasons stated, we hold that the Highway Insurance Underwriters, a Texas corporation and respondents' co-defendant, is not a resident of the Eastern District of Louisiana in which suit was brought, within the meaning of § 52 of the Judicial Code. While, concededly, the Texas corporation has made itself amenable to suit in the federal courts of either district in Louisiana by qualifying to do business in that State, such action on the part of the corporation may in no way be regarded as a waiver by respondents of the privileges conferred upon them by the venue statutes. Section 51 in general terms provides that a diversity suit of the sort involved here must be brought either in the district in which the plaintiff resides or in which the defendant resides. This suit, brought in the Eastern District of Louisiana, satisfies neither requirement. Respondents' privilege conferred by § 51 can be defeated either by waiver on the part of respondents or, as provided in § 52, by petitioner bringing suit against respondents and others in a district in Louisiana in which one of the co-defendants has acquired residence but in which respondents do not reside. Neither circumstance is present here. Respondents made timely assertion of their privilege and

---

[10] *Neirbo Co.* v. *Bethlehem Shipbuilding Corp.*, 308 U. S. 165, 167 (1939).

may not be deemed to have waived their venue objections. As we have held, their co-defendant, Highway Insurance Underwriters, may not be regarded as a resident of the Eastern District of Louisiana in which suit was brought. It follows, therefore, that respondents' objections to venue were well taken, and that, in sustaining those objections, the District Court and the Circuit Court of Appeals reached a result in accord with the requirements of the federal venue statutes as consistently construed by this Court. If those requirements are to be altered, it is a task which must be undertaken by Congress.

*Affirmed.*