### WAGNER MFG. CO. v. CUTLER-HAMMER, Inc.

#### Civ. No. 992.

United States District Court
S. D. Ohio, W. D.

April 8, 1949.

Toulmin & Toulmin, Dayton, Ohio, for plaintiff.

Paxton & Seasongood, Cincinnati, Ohio, for defendant.

NEVIN, Chief Judge.

Plaintiff filed its complaint on September 30, 1948, in the office of the Clerk of the United States District Court, Southern District of Ohio, Western Division, at Dayton, Ohio.

On October 20, 1948, defendant filed a "Motion to dismiss, to strike from complaint and to make more definite and certain." The cause is now before the court on this motion.

Briefs in support of and contra the motion have been filed, together with a number of affidavits.

## I.

The Motion to Dismiss (or to Transfer to Cincinnati).

In its brief in support of its motion to dismiss (or transfer) defendant makes the following statements, among others: "The basis of this motion is that, under the rules of this Court, the action was required to be brought at Cincinnati, rather than at Dayton. No question is raised as to jurisdiction nor is there any question that the action is properly brought in this District and in this Division. The sole question is whether it is brought in the proper place *within* the Division. Intra-division venue is governed by the rule recently adopted by this Court, which is, in part, as follows: 'Any suit brought against residents of the Counties of Adams, Brown, Butler, Clermont, Clinton, *Hamilton,* Highland, Lawrence, Scioto and Warren, in the Western Division, shall be filed at Cincinnati. Any suit brought against residents of the Counties of Champaign, Clark, Darke, Greene, Miami, Montgomery, Preble, and Shelby, in the Western Division, shall be filed at Dayton.' (Italics ours). The single issue raised by this motion is, therefore, whether the defendant is a resident, within the meaning of this rule, of the Cincinnati group of counties or of the Dayton group. Our position is that the defendant is a resident of Hamilton County and that under the foregoing rule, the action could only be filed at Cincinnati. Having been improperly filed at Dayton, it should either be dismissed or it should be transferred to Cincinnati."[1]

Defendant is a corporation of the State of Delaware, with its principal office and place of business at Milwaukee, Wisconsin. It is licensed and qualified to do business in the State of Ohio.

Defendant contends that a foreign corporation is a resident of the county in Ohio in which it has a place of business; that it (defendant) has a place of business in Hamilton County, Ohio, and none in the Dayton area or branch of the District and

---

[1] As a matter of fact the rule above referred to had been the rule for many years prior to October 1, 1948. On that date, (Oct. 1, 1948) the court merely had the rule, which had theretofore long prevailed, put in writing and filed with the Clerk so that it could be readily seen by anyone interested.

that it is, therefore, a resident of Hamilton County, Ohio, within the meaning of the rule of this Court hereinabove referred to.

The contention on this branch of the present motion revolves chiefly around the result flowing from the revision of the Judicial Code effective September 1, 1948.

The sections of the Judicial Code, Title 28, U.S.C.A., here pertinent, read as follows:

"Sec. 1391. Venue generally

"(a) A civil action wherein jurisdiction is founded only on diversity of citizenship may, except as otherwise provided by law, be brought only in the judicial district where all plaintiffs or all defendants reside.
* * *

"(c) A corporation may be sued in any judicial district in which it is incorporated or licensed to do business or is doing business, and such judicial district shall be regarded as the residence of such corporation for venue purposes."

"Sec. 1393. Divisions; single defendant; defendants in different divisions

"(a) Except as otherwise provided, any civil action, not of a local nature, against a single defendant in a district containing more than one division must be brought in the division where he resides."

That it had been definitely determined that prior to September 1, 1948, a corporation was a "resident" only of the State in which it is incorporated, is not disputed.

In Shaw v. Quincy Mining Co., 145 U.S. 444, at pages 449–450, 12 S.Ct. 935, 937, 36 L.Ed. 768, the court says: "In Bank [of Augusta] v. Earle, 13 Pet. 519, 588, [10 L.Ed. 274], Chief Justice Taney said: 'It is very true that a corporation can have no legal existence out of the boundaries of the sovereignty by which it is created. It exists only in contemplation of law, and by force of the law; and where that law ceases to operate, and is no longer obligatory, the corporation can have no existence. It must dwell in the place of its creation, and cannot migrate to another sovereignty. But, although it must live and have its being in that state only, yet it does not by any means follow that its existence there

will not be recognized in other places; and its residence in one state creates no insuperable objection to its power of contracting in another.' This statement has been often reaffirmed by this court, with some change of phrase, but always retaining the idea that the legal existence, the home, the domicile, the habitat, the residence, the citizenship of the corporation can only be in the State by which it was created, although it may do business in other states whose laws permit it."

After quoting part of the above language from the Shaw case, the Supreme Court in the (comparatively) recent case of Suttle v. Reich Bros. Co., 333 U.S. 163, said at pages 166–167, 68 S.Ct. 587, 589, 92 L.Ed. 614; "For almost sixty years, in an unbroken line of decisions, this Court has applied the same construction. That view was reaffirmed as recently as 1946 in the opinion of the Court in Mississippi Publishing Corp. v. Murphree, 326 U.S. 438, 441, 66 S.Ct. 242, 244, 90 L.Ed. 185."

Defendant asserts that since September 1, 1948 the "old rule" that "a corporation is regarded as a resident only of the State of its incorporation" has been changed, saying: "Under the new statute, a corporation is not only a resident of the district in which it is incorporated, but is also regarded as a resident of any district in which it is licensed to do business or is doing business. * * * Under the new law, defendant is unquestionably a resident of this district and division. The question raised by the motion is thus narrowed to the place of its residence *within* the division under the Court's rule as to intra-division venue. We submit that under the admitted facts in this case, its only residence in the Western Division is at Cincinnati."

Plaintiff, on the other hand, in its brief says that it disagrees with defendant: "most emphatically that under the 1948 revision of the Judicial Code the residence of a corporation is no longer confined to the State of its incorporation. We find no support for that position in the Code itself and we find no cases which have overruled the plain statements of the Neirbo case, (Neibro Co. v. Bethlehem Shipbuilding

Corp.) 308 U.S. 165, 60 S.Ct 153, 84 L.Ed. 167, 128 A.L.R. 1437, the Suttle case, 333 U.S. 163, 68 S.Ct. 587, 92 L.Ed 614, and the Mississippi Publishing Corp. case 326 U.S. 438, 66 S.Ct. 242, 90 L.Ed. 185."

The court agrees with the view expressed by plaintiff that there has been no change effected by the recent revision of the Judicial Code in the "old rule" to-wit, that a corporation is a "resident" only of the State in which it is incorporated.

It is true that it is now provided by Section 1391(c), Title 28 U.S.C.A., that under certain circumstances a "judicial district shall be regarded as the residence of such corporation for venue purposes."

It should be noted that the language used is simply that it *"shall be regarded as* the residence" and even so, only "for venue purposes." But this is merely a "fictional"; a "constructive" residence made so by the law solely "for venue purposes."

It does not alter the fact or the "old rule" that "the legal existence, the home, the domicile, the habitat, the residence" of a corporation is and can only be in the State in which it is incorporated. Defendant herein "must dwell in the place of its creation (Delaware) and cannot migrate to another sovereignty," Shaw v. Quincy Mining Company, *supra.*

It was in the sense of an individual or a corporation having his or its "legal existence, home, domicile, habitat" in the respective counties or areas referred to therein that the word "residents" was used by this court in its rule here in question. As plaintiff points out the rule was meant to, and only does, cover the usual classes of "residents" such as, individuals, partnerships and domestic corporations.

It is the view of the court and the court so finds and holds that defendant is not a "resident" of Hamilton County, Ohio, within the meaning of the rule of this court, which defendant here seeks to invoke.

In its brief, plaintiff also asserts that "Plaintiff brought its action in the Judicial District *in which it resides.* * * * By stipulation with the State of Ohio it (defendant) has waived any privilege that it might have to object to either jurisdiction

or venue. Neirbo Co. v. Bethlehem Shipbuilding Corp., Ltd., 308 U.S. 165, 168, 60 S.Ct. 153, 84 L.Ed. 167, 128 A.L.R. 1437. By its contract with the State Defendant consented to be sued in *any* State or Federal Court in the State of Ohio. Plaintiff's suit is properly laid in the division and district in which Plaintiff has its residence. This Defendant cannot be said to *reside* exclusively in any specific division or district of the State, as a non-resident corporation is a *resident only* of the State of its organization. * * * Obviously, the defendant in this case is licensed to do business in Montgomery County (Dayton) as well as it is in Franklin County or Cuyahoga County" (or Hamilton County).

As earlier set out, defendant in its brief says that "the question raised by the motion is thus narrowed to the place of its residence *within* the division under the court's rule as to intra-division venue."

Upon this issue, the court rules against the contentions of defendant and therefore finds that this branch of defendant's motion (to dismiss or to transfer to Cincinnati) is not well taken and that it should be, and it is, overruled.

## II.

The Motion to Strike from Complaint.

We come then to a consideration of that branch of defendant's motion in which it moves that the certain portions of the complaint as in said motion set forth be stricken.

Upon a consideration of the complaint in its entirety and plaintiff's motion as contained in this branch thereof, the court finds and rules as follows:

That so much of said motion to strike as is contained in subparagraphs (a), (b), (c) and (f) thereof, is not well taken and should be, and is, overruled.

As to subparagraph (d) the court finds and rules that defendant's motion to strike "the whole of paragraph 8" is not well taken and should be overruled, but that as to the following portion of paragraph 8 of the Complaint, to wit, "and in two instances was threatened with suit for damages resulting from the breakage of these handles in use in the hands of cus-

tomers, which threats of suit were well founded and plaintiff was forced to settle on the best terms it could" is well taken and to that extent, the motion as contained in subparagraph (d) should be, and is, sustained.

As to subparagraph (e) the court finds and rules that the motion as contained in subparagraph (e) to strike "the whole of paragraph 9" is not well taken and should be overruled. The court further finds and rules, however, that so much of subparagraph (e) as refers to the following language appearing in paragraph 9 of the complaint, to wit: "while its general business is as good or better in all lines where the defendant's handles are not used as it was in previous years, yet" and also to the following words, to wit: "such amount is in addition to losses incurred of similar nature to a lesser degree in the previous year" is well taken and should be, and is, sustained.

### III.

### The Motion to Make More Definite and Certain.

In this branch of its motion, defendant moves that plaintiff be required to make its complaint "more definite and certain" in each of the respects as in its said motion set forth.

Upon a consideration of the entire complaint and this branch of defendant's motion, the court finds and rules that so much of defendant's motion to make more definite and certain as is contained in subparagraph (c) thereof, is well taken and should be, and is, sustained.

The court further finds and rules that so much of defendant's said motion as is contained in subparagraphs (a), (b), (d), (e) and (f) is not well taken and should be, and it is, overruled.

In making this latter ruling, it is the view of the court that if it is necessary and proper for defendant to have the information which it seeks in the subparagraphs referred to, and if plaintiff is legally bound to supply such information, defendant should proceed to secure such information by way of interrogatories as provided for in Rule 33 of the Federal Rules of Civil Procedure, 28 U.S.C.A. Plaintiff should not be required to set forth all of this data in its complaint.

In making the foregoing observation, the court is in no way intending to, nor is it passing upon the pertinency or propriety of any interrogatories that may be propounded by defendant to plaintiff (if such there should ever be) based on the requests set forth in the subparagraphs referred to in this branch of defendant's motion, nor is the court deciding, or intending to decide, anything as to the legal rights of plaintiff in the event such interrogatories should be propounded.

The court is merely expressing, and meaning to express only, its view that the proper procedure under the Federal Rules of Civil Procedure to elicit such information as defendant asserts (by its motion) it is entitled to, is by way of interrogatories and not by way of a motion to make "more definite and certain."

Counsel may prepare and submit an order in accordance with the findings and rulings of the court, as set out in this decision, regarding the three branches of defendant's motion respectively.