**LAWLOR et al. v. NATIONAL SCREEN
SERVICE CORPORATION et al.**

No. 10020.

United States District Court
E. D. Pennsylvania.

March 27, 1950.

Gray, Anderson, Schaffer & Rome, Philadelphia, Pa., for plaintiff.

Wm. A. Schnader, Philadelphia, Pa., for defendant Paramount Pictures, Inc.

McGRANERY, District Judge.

This action was brought under the Sherman Act, 15 U.S.C.A. § 1 et seq., and under the Clayton Act, 15 U.S.C.A. § 12 et seq., to obtain an injunction and to recover treble damages for alleged violations of those statutes by the defendants. The defendant Paramount Pictures, Inc. (hereinafter referred to as the defendant) was, at the time of the institution of this suit, a corporation organized under the laws of New York, but subsequently it was dissolved. The defendant had registered to do business in the State of Pennsylvania, pursuant to the provisions of Article X of the Business Corporation Law of 1933, P.L. 364, Secs. 1001–1015, 15 P.S. § 2852—1001 et seq., but actually transacted no business within the State after August of 1941. However, its wholly owned subsidiary corporation did and still does business in this district. Service of process was made by a United States Marshal, upon an employee of the subsidiary corporation.

The defendant moves, under Rule 12 of the Federal Rules of Civil Procedure, 28 U.S.C.A., to dismiss the complaint or, in lieu thereof, to quash the return of service of summons as to it, on the ground that venue is improperly laid in this district, and on the further ground that this Court cannot, by any form of service of process, acquire jurisdiction over the defendant.

There are two distinct problems involved in this case, one of service of process, and one of venue. Inasmuch as service of process is the procedure by which the Court may obtain jurisdiction over the person of the defendant so that he may be brought into court at the place where, under the appropriate law of venue, the suit may be maintained, consideration will be directed first to the problem of service.

 In a suit under the Federal antitrust laws, Section 12 of the Clayton Act, 15 U.S.C.A. § 22, provides not only for venue, but it also provides where process may be served. Service here, under that section, is valid only if the defendant was an "inhabitant" of this district or if it was "found" here. The defendant corporation itself, as distinguished from its subsidiary, did no business in this district, and it cannot be said to have done business here merely because its wholly owned subsidiary did. Consolidated Textile Corp. v. Gregory, 289 U.S. 85, 53 S.Ct. 529, 77 L.Ed. 1047; People's Tobacco Co. v. American Tobacco Co., 246 U.S. 79, 38 S.Ct. 233, 62 L.Ed. 587, Ann.Cas.1918C, 537; Connon Mfg. Co. v. Cudahy Packing Co., 267 U.S. 333, 45 S.Ct. 250, 69 L.Ed. 634. Consequently, the defendant was not "found" within this district. "When applied to a corporation this requirement is the equivalent of saying that it must be present in the district by its officers and agents carrying on the business of the corporation." People's Tobacco Co. v. American Tobacco Co., supra, 246 U.S. at page 84, 38 S.Ct. at page 234. If the defendant did no business in this district, it could not have been "carrying on business" in the sense denoted 861, by "found". See U. S. v. Scophony Corp., 333 U.S. 795, 807, 68 S. Ct. 855, 861, 92 L.Ed. 1091. Nor is the defendant an "inhabitant" (a word synonymous with "resident") of this district. It is incorporated under the laws of the State of New York, and is therefore a resident of that State. Shaw v. Quincy Mining Co., 145 U.S. 444, 12 S.Ct. 935, 36 L.Ed. 768; Suttle v. Reich Bros. Construction Co., 333 U.S. 163, 68 S.Ct. 587, 92 L.Ed. 614. The definition of corporate residence in Section 1391(c) of Revised Title 28 U.S.C.A. is, by its own terms, "for venue purposes", so that it does not affect corporate residence for the purposes of service of process. Cf., Wagner Mfg. Co. v. Cutler-Hammer, Inc., D.C., 84 F.Supp. 211. The purported service upon the defendant in this district was, therefore, invalid under the terms of Section 12 of the Clayton Act.

 Service of process in this case could be sustained only if the defendant has waived compliance with the service provisions of Section 12. By virtue of its

registration to do business in Pennsylvania, it has designated the Secretary of the Commonwealth as "the true and lawful attorney of the corporation upon whom all lawful process in any action or proceeding against it may be served * * *." 15 P.S. § 2852—1004. Even if this designation is held to be a waiver of the service requirements of Section 12, that is, a consent to accept process in this district in a suit under the Federal anti-trust laws, the terms of that consent have not been complied with inasmuch as the Secretary of the Commonwealth was not served. Nevertheless, if waiver is established, service need not necessarily be made on the Secretary, provided it be made in accord with some other recognized practice. See Ward v. Studebaker Sales Corp., 3 Cir., 113 F.2d 567; Wachtler v. Chicago etc. R. Co., D. C., 7 F.R.D. 560. Federal Rule 4(d)(3) permits service on an agent authorized by law to receive process. The Marshal's return recites that the summons and complaint were served upon "Ulrik F. Smith, Branch Manager in this district at that time" for the defendant. The defendant has submitted an affidavit to the effect that it did not have any place of business or any agent or representative within the State of Pennsylvania, and that Ulrik F. Smith was not an agent, employee, representative or officer of the defendant, nor authorized to accept the service of process for it. The plaintiff, by way of reply, has submitted no affidavits, but merely asserts in its brief that Mr. Smith's relationship to the defendant is shown by the fact that in a case pending in this Court he has been called and has testified in depositions taken by adversaries of the defendant. I take it as established, therefore, that the defendant maintained no "branch" in this State, that Mr. Smith was not its "Branch Manager" or otherwise its employee or agent, and that he was not an agent authorized to accept the service of process on the defendant. Consequently, service under Rule 4(d)(3) was invalid, and similarly there was no valid service under Rule 2180(a) of the Pennsylvania Rules of Civil Procedure, 12 P.S.Appendix, relevant under Federal Rule 4(d)(7).

Since there has been no valid service of process, it is unnecessary to consider the question of venue. The defendant's motion to quash the return of the summons will be granted.