**UNITED TRANSIT COMPANY,**
Plaintiff,

v.

**UNITED STATES of America,**
Defendant.

**Civ. A. No. 2068.**

United States District Court
M. D. Tennessee,
Nashville Division.

March 7, 1957.

Carmack Cochran, Nashville, Tenn., for plaintiff.

Charles K. Rice, Jas. P. Garland and Leland T. Atherton, Dept. of Justice, Washington, D. C.; and Fred Elledge, Jr., U. S. Dist. Atty., Nashville, Tenn., for defendant.

**WILLIAM E. MILLER,** District Judge.

Plaintiff, a corporation incorporated under the laws of Delaware but domesticated and doing business in Tennessee, sues the United States under 28 U.S.C.A. § 1346(a) (1), to recover income taxes alleged to have been erroneously and illegally assessed and collected for the year 1949.

Although the plaintiff conducts its business in Tennessee and filed its income tax returns for the year 1949 and preceding years with the Collector of Internal Revenue at Nashville, defendant by its answer insists that the action should be dismissed for lack of proper venue under 28 U.S.C.A. § 1402(a), which reads as follows:

"Any civil action against the United States under subsection (a) of

section 1346 of this title may be prosecuted only in the judicial district where the plaintiff resides."

The defendant's position is that the plaintiff as a corporation resides in the district of the state in which it was incorporated, within the meaning of the venue statute just quoted, and that since the plaintiff's incorporation under the laws of Delaware is shown upon the face of the complaint, the action may not be maintained in this district or in any district other than that of Delaware.

Plaintiff, insisting that venue is properly laid in this jurisdiction, relies upon 28 U.S.C.A. § 1391(c), imported into the Judicial Code by the 1948 Revision, which provides that:

> "A corporation may be sued in any judicial district in which it is incorporated or licensed to do business or is doing business, and such judicial district shall be regarded as the residence of such corporation for venue purposes."

The courts that have considered this provision of the Judicial Code are in disagreement as to whether it applies to corporate plaintiffs as well as corporate defendants so as to confer venue in a judicial district in which the corporate plaintiff conducts or carries on its business. At least one court, following a rule of strict construction, has decided that the provision applies only to actions in which the corporation is a party defendant. Chicago & Northwestern Railroad Co. v. Davenport, D.C.Iowa 1950, 94 F.Supp. 83.

Other courts take a contrary view, holding that the words "and such judicial district shall be regarded as the residence of such corporation for venue purposes" indicate the intention of Congress to permit corporations both to sue and to be sued either in the judicial district in which they are incorporated or in the judicial district in which they are licensed to do or are doing business. Freiday v. Cowdin, D.C.S.D.N.Y., 83 F.Supp. 516; Hadden v. Barrow, Wade,

Guthrie & Co., D.C.N.D.Ohio, 105 F. Supp. 530; Eastern Motor Express, Inc., v. Espenshade, D.C.E.D.Pa., 138 F.Supp. 426; Standard Insurance Company v. Isbell, D.C.E.D.Tex., 143 F.Supp. 910.

However, even if the latter view represents the correct interpretation of the provision, as the majority of the courts considering the question have decided, the problem still remains as to whether the provision applies in an action by a corporate plaintiff against the government to recover taxes under 28 U.S.C.A. § 1346(a) (1). The venue of such actions is specifically dealt with by 28 U.S.C.A. § 1402(a), above quoted.

■ In a long line of decisions the Supreme Court has reaffirmed the ruling that the terms "resides" and "residence", as used in the venue statutes, refer, in the case of a corporation, to the state of its incorporation. Suttle v. Reich Bros. Construction Co., 1948, 333 U.S. 163, 68 S.Ct. 587, 92 L.Ed. 614, and earlier decisions.

■ Without deciding as between the conflicting views of Section 1391(c), the Court is of the opinion that it was not the intention of Congress thereby to change the meaning of Section 1402(a), and that for the purposes of the latter section a corporation still resides only in the state of its incorporation. In this connection the Court fully agrees with the reasoning of District Judge Bootle in the case of United Merchants and Manufacturers, Inc., v. United States, D.C.M.D. Ga., 123 F.Supp. 435, 438, in which it was stated:

> "As stated by the plaintiff in its brief, 'this is a civil action pursuant to Section 1402, Title 28, U.S.C.A.,' and subsection (a) thereof is quoted above. It is well settled that Congress has the power to say when and where the Sovereign will be sued and when such consent is given, 'the courts are confined to the letter of the statute which expresses such consent.' Department of Highways, State of La. v. United States, 5 Cir.,

1953, 204 F.2d 630, 632. 'This applies to the venue as well as to the subject-matter of the suit.' Simonsen v. United States, D.C.Pa.1938, 22 F.Supp. 239, 240. It will be noted that subsection (a) of section 1402 says '*only* in *the* judicial district where the plaintiff resides.' (Emphasis supplied.) This precludes the possibility that Congress intended that a plaintiff could sue the United States in more than one district. This subsection says that the United States can be sued in only one district, the district where the plaintiff resides, and that, for a corporation, is the place of incorporation. Even if, in cases where the Sovereign is not involved, section 1391(c) can be construed as contended for by plaintiff, such construction cannot enlarge the limited waiver of immunity from suit as contained in section 1402(a). The language of 1391(c) is new, appearing for the first time in the 1948 revision of the Judicial Code. The language of 1402(a), requiring that the Sovereign be sued in the district where the plaintiff resides, dates back to the Act of Mar. 3, 1887."

The same result was reached upon the same reasoning in Albright & Friel, Inc., of Del. v. United States, D.C.E.D.Pa., 142 F.Supp. 607.

Section 1391(a) is a general venue provision and the Court is unable to find from its ambiguous and uncertain language an intention upon the part of Congress to modify by implication the special venue provision of Section 1402 (a).

The plaintiff has not requested, in the event the Court should decide that proper venue is in the district of Delaware, a transfer of the action to that district under 28 U.S.C.A. § 1406(a), but if such transfer is desired by the plaintiff it appears to the Court that it would be in the interest of justice that the order so provide.

An order will be submitted to the Court dismissing the action for lack of proper venue, or if the plaintiff so desires, transferring it to the District Court of the United States for the District of Delaware.