Russell SHEPPARD, Plaintiff,

v.

Barney CORNELIUS, trading as Barney Coal Company, and Leckie Smokeless Coal Company, a corporation, Defendants.

Ray E. RHODES, Plaintiff,

v.

Joe COSTA, trading as Joe Costa Coal Company and Leckie Smokeless Coal Company, a corporation, Defendants.

Nos. 604, 605.

United States District Court
S. D. West Virginia.

June 21, 1961.

James K. Edmundson, Beckley, W. Va., for plaintiff.

George Richardson, Jr., Bluefield, W. Va., and Joseph M. Holt, Lewisburg, W. Va., for defendants.

FIELD, District Judge.

These two cases, similar in nature, have been consolidated for trial. The complaints allege that these actions arise under the provisions of the Fair Labor Standards Act, 29 U.S.C.A. § 201 et seq., all parties being citizens of West Virginia. The complaints charge that for some years prior to January 2, 1959, the corporate defendant, hereinafter referred to as "Leckie," caused bituminous coal to be mined from its lands for ship-

ment in interstate commerce through the use of so-called independent contractors such as the individual defendants; that the true relationship between Leckie and the individual defendants was, in fact, such that the plaintiffs actually performed work for and were employees of Leckie; that during the period covered in the complaint, the plaintiffs were members in good standing of the United Mine Workers of America, and that the defendants were signatories to a collective bargaining agreement with that union known as the "National Bituminous Coal Agreement of 1950," as amended. The plaintiffs further allege that the arrangement between the defendants was designed to evade and circumvent the obligations and provisions of the collective bargaining agreement as well as the appropriate federal statutes.

After the defendants had filed their respective answers, they jointly moved in each case for the entry of summary judgment in their favor on the ground that the Court lacked jurisdiction of the subject matter. No affidavits were filed in support of these motions, but the discovery depositions of the plaintiff clearly established that Sheppard is making no claim for overtime as defined in the Fair Labors Standards Act, and that the claim of Rhodes for any overtime is minimal in nature. Counsel for plaintiffs, taking the position that the question of overtime was immaterial to the disposition of the motion, stipulated on the record at the hearing that neither of the plaintiffs would allege or rely on statutory overtime as a jurisdictional element. It is also in the record and conceded by counsel that during the period in question plaintiffs were paid at a rate less than that provided for their classification under the collective bargaining agreement, but that they were paid more than the statutory minimum of $1 per hour. It is in the light of these stipulations and concessions that the jurisdictional question is being considered on this motion.

Since these are not diversity cases the jurisdiction of this Court nec-

essarily depends upon the provisions of Section 16 of the Fair Labor Standards Act, 29 U.S.C.A. § 216. This Act provides only that an employee shall be paid no less than $1 per hour (29 U.S.C.A. § 206) and overtime at one and one-half times the regular rate for hours worked in excess of 40 hours per week. 29 U.S. C.A. § 207. Of course, if the allegations of the plaintiffs should indicate the existence of either of these grounds, this Court would have jurisdiction regardless of the citizenship of the parties or the amount in controversy. Robertson v. Argus Hosiery Mills, 6 Cir., 121 F.2d 285; Johnson v. Butler Bros., 8 Cir., 162 F.2d 87, 172 A.L.R. 1157. Despite the absence of such allegations in this case, however, counsel for plaintiffs takes the position that the fact that the plaintiffs' contractual rights are derived from an industry-wide collective bargaining agreement which was negotiated and entered into pursuant to the Congressional objectives expressed in the National Labor Relations Act (29 U.S.C.A. § 151 et seq.) carries with it federal jurisdictional rights. He would seem to contend that the composite of legislation growing out of the preoccupation of the Federal Congress with the problems of labor relations confers jurisdiction upon the Court in this case. A great number of cases in this general area have been cited in his brief but to me they appear to be uniformly inapposite.

■ If the defendant employers are signatory to a collective bargaining agreement and the plaintiffs are members of the labor union negotiating and executing such agreement, then the plaintiff employees are entitled to the benefit of each and every provision thereof. Woodward Iron Co. v. Ware, 5 Cir., 261 F.2d 138. While the collective bargaining agreement does not itself constitute the contract of employment, its terms are superimposed upon the individual hiring agreement. The individual hiring agreement cannot be at variance with the collective bargaining agreement nor can the

provisions of the latter be waived or altered by any action on the part of either the employer or employee. J. I. Case Co. v. N. L. R. B., 321 U.S. 332, 64 S.Ct. 576, 88 L.Ed. 762. Accordingly, it would seem clear that if the plaintiffs were actually paid less than the rate provided in the collective bargaining agreement, they have a contractual right to recover the balance due them under that agreement. The fact that they were paid more than the minimum hourly wage as provided by Section 6 would constitute no defense to their contractual right in this or any other court. It is likewise true that in a proper action under the Fair Labor Standards Act to recover overtime pay, the "regular rate" on which the statutory overtime would be computed would be the hourly rate specified in the collective bargaining agreement rather than the lesser rate actually paid and accepted. Jewell Ridge Coal Corp. v. Local No. 6167, U. M. W. A., 325 U.S. 161, 65 S.Ct. 1063, 89 L.Ed. 1534; Gatliff Coal Co. v. Cox, 6 Cir., 152 F.2d 52. Here, however, the pleadings clearly show, and it is not disputed, that the plaintiffs were paid at a rate higher than the statutory minimum. Likewise, plaintiffs have conceded through their depositions and by counsel's stipulation that overtime is not an issue upon this motion. Under these circumstances, it seems clear to me that the jurisdiction of this Court cannot be invoked under the provisions of the Fair Labor Standards Act.

■■ Counsel for plaintiff, however, contends that the broadening scope of federal jurisdiction in the field of labor relations is sufficient to embrace these actions. It is, of course, now well settled that under Section 301(a) of the Labor Management Relations Act, 29 U.S.C.A. § 185, federal courts have jurisdiction of disputes growing out of collective bargaining agreements affecting commerce and that the solution of such disputes shall be found by the application of federal substantive law. Textile Workers Union of America v. Lincoln Mills, 353 U.S. 448, 77 S.Ct. 912, 1 L.Ed.2d 972;

United Steelworkers of America v. Enterprise Wheel & Car Corp., 363 U.S. 593, 80 S.Ct. 1358, 4 L.Ed.2d 1424; Textile Workers Union of America v. Cone Mills Corp., 4 Cir., 268 F.2d 920. However, federal jurisdiction in this area would seem to be clearly limited to those cases involving contract disputes between the employer and the labor organization as an entity. This conclusion is inescapable in the light of the landmark case of Ass'n of Westinghouse Salaried Employees v. Westinghouse Elec. Corp., 348 U.S. 437, 75 S.Ct. 489, 99 L.Ed. 510, where the Court declined jurisdiction of an action instituted by the union to recover unpaid wages on behalf of some 4,000 employees. The basic question in that case concerned the standing of the union to sue for recovery on individual employment contracts rather than a purely union controversy. See Textile Workers Union of America v. Lincoln Mills, supra, 353 U.S. at page 456, 77 S.Ct. at page 917. The individual hiring agreement is a separate contract from the collective bargaining agreement executed by the union. See J. I. Case Co. v. N. L. R. B., supra. The proper forum for its enforcement depends upon the standing of the individual employee, and the background or impact of the collective bargaining agreement creates no federal jurisdictional rights in this regard. Mr. Justice Frankfurter observed in Westinghouse, at page 460 of 348 U.S., at page 500 of 75 S.Ct.:

" * * * There was no suggestion that Congress, at a time when its attention was directed to conges-

tion in the federal courts, particularly in the heavy industrial areas, intended to open the doors of the federal courts to a potential flood of grievances based upon an employer's failure to comply with terms of a collective agreement relating to compensation, terms peculiar in the individual benefit which is their subject matter and which, when violated, give a cause of action to the individual employee. The employees have always been able to enforce their individual rights in the state courts. * * * "

 To me the basic decision on this motion involves fundamental principles that are almost too axiomatic to require citation of authorities. A federal court is a court of limited jurisdiction.[1] Accordingly, the federal courts must find their jurisdiction in the express provisions of Federal statutes.[2] Federal jurisdiction is never implied or assumed.[3] In the instant cases the plaintiffs must necessarily rely upon the provisions of the Fair Labor Standards Act. The record discloses no actionable state of facts under the minimum wage section and through their counsel they have disclaimed any actionable facts under the section in regard to maximum hours. Since it appears that there is no cause of action under the provisions of the federal statute in question, it necessarily follows that there is no federal jurisdiction for this controversy.

The motion for summary judgment in each case will be granted and counsel may prepare and submit appropriate orders.

1. Kempe's Lessee v. Kennedy, 5 Cranch 173, 9 U.S. 173, 3 L.Ed. 70; Badger v. Reich Bros. Const. Co., 5 Cir., 161 F.2d 289, affirmed 333 U.S. 163, 68 S.Ct. 587, 92 L.Ed. 614; McQuillen v. National Cash Register Co., 4 Cir., 112 F.2d 877, certiorari denied 311 U.S. 695, 61 S.Ct. 140, 85 L.Ed. 450.

2. Kempe's Lessee v. Kennedy, supra; People of State of California ex rel. Mc-

Colgan v. Bruce, 9 Cir., 129 F.2d 421, 147 A.L.R. 782, certiorari denied 317 U.S. 678, 63 S.Ct. 157, 87 L.Ed. 544.

3. In re Smith, 94 U.S. 455, 24 L.Ed. 165; Brown v. Keene, 8 Pet. 112, 33 U.S. 112, 8 L.Ed. 885; Wolfe v. Hartford Life & Annuity Ins. Co., 148 U.S. 389, 13 S. Ct. 602, 37 L.Ed. 493.