Bobby Keith WILLIAMS et al.

v.

John HOYT et al.

No. TY-74-41-CA.

United States District Court,
E. D. Texas,
Tyler Division.
March 18, 1974.

Bill F. Griffin, Jr., and John R. Smith, Center, Tex., for plaintiffs.

Joe H. Tonahill, Jasper, Tex., for defendants Hoyt, Harrison, McCroskey, Martin, Poss and members of the Commissioners Court of San Augustine County.

James A. Doherty, San Augustine, Tex., for the Commissioners Court.

Harry Loftis, Tyler, Tex., for Western Surety Co.

## ORDER DENYING MOTION FOR TRANSFER

JUSTICE, District Judge.

Before the court for consideration is the motion of the defendants to dismiss or transfer the above-entitled and numbered civil action, either because venue does not lie in the Tyler Division of the Eastern District of Texas or because a transfer is appropriate for the convenience of the parties and witnesses in the interests of justice. The court held an evidentiary hearing and makes the following findings of fact:

1. All of the plaintiffs are residents of the Beaumont Division of the Eastern District of Texas;

2. The individual defendants are all residents of the Beaumont Division of the Eastern District of Texas;

3. The plaintiffs' claims herein arose in the Beaumont Division of the Eastern District of Texas;

4. The defendant Western Surety Company is a corporation, incorporated in South Dakota, having a regional office in the Dallas Division, Northern District of Texas, and doing business in both the Tyler and Beaumont Divisions of the Eastern District of Texas.

5. The city of San Augustine, wherein most of the parties reside and where the plaintiffs' claims arose, is nearer geographically to the city of Tyler than to the city of Beaumont.

The statutory provisions relevant to the court's decision of the defendants' motion are as follows:

A civil action wherein jurisdiction is not founded solely on diversity of citizenship may be brought only in the judicial district where all defendants reside, or in which the claim arose, except as otherwise provided by law. 28 U.S.C.A. § 1391(b).

Except as otherwise provided, any civil action, not of a local nature, against a single defendant in a district containing more than one division must be brought in the division where he resides. 28 U.S.C. § 1393(a).

Any such action, against defendants residing in different divisions of the same district or different districts in the same state, may be brought in any of such divisions. 28 U.S.C. § 1393(b).

A corporation may be sued in any judicial district in which it is incorporated or licensed to do business, and such judicial district shall be regarded as the residence of such corporation for venue purposes. 28 U.S.C. § 1391(c).

For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought. 28 U.S.C. § 1404(a).

■ Since the court has found that the defendant Western Surety Company is doing business in the Tyler Division of the Eastern District of Texas, it follows that one of the defendants is a resident of the Tyler Division. See Johnson v. Tri-State Motor Transit Co., 263 F.Supp. 278 (W.D.Mo.1966). Ordinarily, § 1393(b) would dictate in that case that venue is unmistakably proper in the Tyler Division. The defendants have contended, however, that the fact that

**1316**

Western Surety resides in *both* the Tyler and Beaumont Divisions, while the other defendants reside in the Beaumont Division, dictates that venue lies only in the Beaumont Division. Their argument is as follows: since each defendant is a resident of the Beaumont Division, there are not any defendants "residing in. different divisions of the same district"; therefore § 1393(b) is not applicable, and § 1393(a) must govern.

■ The court has considered the contentions of the parties with great care. It appears that the question presented by the situation, which originates in the anomaly that a corporate entity may have more than one residence, is unresolved in the law. Some courts have considered the problem with respect to district, rather than division, venue. Professor Wright tells us that "the cases are divided on this nice question." Wright, Law of Federal Courts 154 (2d Ed.1970). The court is of the opinion that the better-considered cases hold that venue is proper in any of the districts in which the corporate defendant is doing business. *See, e. g.*, DeGeorge v. Mandata Poultry Co., 196 F. Supp. 192 (E.D.Pa.1961); Minter v. Fowler & Williams, Inc., 194 F.Supp. 660 (E.D.Pa.1961).

The court is also impressed with the decision of the Supreme Court from 1948, Shuttle v. Reich Brothers Construction Co., 333 U.S. 163, 68 S.Ct. 587, 92 L.Ed. 614 (1948). In that case, the Supreme Court considered a case in which the individual defendants were residents of the Western District of Louisiana and the corporate defendant was a Texas corporation qualified to do business in both the Eastern and Western Districts of Louisiana. The court there indicated that the Eastern District *would* be a proper forum if the corporate defendant were found to be a "resident" of the Eastern District.

The critical issue in this case is whether Highway Insurance may be regarded as a "resident" of the Eastern District of Louisiana within the meaning of § 52 of the Judicial Code [predecessor to 28 U.S.C. § 1392(a)], *so that respondents Reich Brothers Construction Company and its individual members may properly be sued as codefendants of the corporation in the Eastern District of Louisiana, despite the fact that respondents are residents of the Western District of that state.*

333 U.S. at 165, 68 S.Ct. at 589 (emphasis supplied).

The Court went on to hold that venue was not proper in the Eastern District because the corporate defendant was not a "resident" of the Eastern District, although it was licensed to do business there. The Congress, very shortly thereafter, passed the statute now codified as 28 U.S.C. § 1391(c). Presumably Congress meant to overrule the Court's construction of "residence", since it provided that a corporation may be sued in any judicial district in which it is incorporated or licensed to do business, and that *"such judicial district shall be regarded as the residence of the corporation for venue purposes."* The conclusion seems unmistakable that the Court considered its restrictive definition of "resident" the only obstacle to suing all defendants in any district in which the corporate defendant is amenable to suit, and that the Congress removed that obstacle.

■■ Although the case before the court now concerns *division*, rather than *district*, venue, it has been held that the definition of residence set forth in § 1391(c) applies as well to division as to residence—that is, that a corporation doing business or licensed to do business in a certain division is a resident of that division for venue purposes. *See* Johnson v. Tri-State Motor Transit Co., *supra*. Accordingly, analyzing the question presented by the instant case analogously to the problem of defendants who reside in different districts leads the court directly to the conclusion that venue is proper in the Tyler Division.

There is, however, another and an equally persuasive argument for the appropriateness of the Tyler Division. It may be arguable that § 1391(a), allowing suit in either district when there are defendants residing in two districts in the same state, does not apply when there is a single district that can be said to be the residence of all defendants. This is the argument rejected by the court above, but there is some authority for it. *See, e. g.*, Johnson v. B. G. Coon Const. Co., 195 F.Supp. 197 (E.D.Pa. 1960). In the case of district venue, if § 1392(a) does not apply, the court must apply § 1391(a) or (b), both of which use the language "where all defendants reside", suggesting that they contemplate actions against more than one defendant. In the case of *division* venue, however, the only statute that can apply if § 1393(b) (permitting suit in either of the two divisions) does not govern is § 1393(a). Yet § 1393(a) by its own terms applies only to civil actions "against a single defendant"; it certainly does not embrace the instant case, which has multiple defendants. Thus, even if the *Coon* case, rather than this court's analysis, represents the correct view of *district* venue, it cannot be analogized successfully to division venue. The inescapable result is that if § 1393(b) does not govern this civil action, it is not governed by any division venue statute whatsoever, and may be brought in any division of this district.

■ Remaining for the court's consideration is the defendants' alternative request that the court order a transfer of venue to the Beaumont Division pursuant to § 1404(a). In view of the fact that almost all of the witnesses and the individual plaintiffs and defendants reside in the city of San Augustine, which is nearer geographically to Tyler than to Beaumont, a transfer pursuant to § 1404(a) is unjustified. Accordingly, it is

Ordered that the motion of the defendants for dismissal or transfer because of improper venue be, and it is hereby, denied. It is further

Ordered that the motion of the defendants for transfer pursuant to 28 U. S.C. § 1404(a) be, and it is hereby, denied.