**PRECISION RUBBER PRODUCTS CORPORATION**

v.

**GEORGE McCARTHY, INC.**

No. 3–83–0818.

United States District Court, M.D. Tennessee, Nashville Division.

Oct. 29, 1984.

James H. Cheek III, H. Lee Barfield II, Frank C. Gorrell, Nashville, Tenn., for plaintiff.

Jon J. Birnkrant, Bloomfield Hills, Mich., John A. MacLeod, Grosse Pointe, Mich., Aubrey B. Harwell, Jr., Nashville, Tenn., for defendant.

## MEMORANDUM

JOHN T. NIXON, District Judge.

Pending before the Court is defendant's motion to dismiss for improper venue or in the alternative to transfer venue to the Eastern District of Michigan. The parties have filed extensive briefs on the issue of venue, and oral arguments came on to be heard on January 3, 1984. For the reasons discussed below, the Court DENIES the motion to dismiss and DENIES the motion to transfer.

Pursuant to 28 U.S.C. § 2201, the plaintiff, Precision Rubber Products Corporation, ("Precision Rubber"), seeks declaratory judgment as to its interpretation of a contract with George McCarthy, Inc. ("McCarthy"). Jurisdiction is based on 28 U.S.C. § 1332, and the amount in controversy exceeds $10,000.00. The plaintiff is a

Delaware corporation, and the defendant is a Michigan corporation.

■ Precision Rubber is asking this Court to declare that McCarthy is entitled to only those commissions resulting from the sale of goods shipped before October 20, 1984, and that Precision Rubber is required only to furnish McCarthy a list of total dollar sales to customers covered by the agreement between Precision Rubber and McCarthy.[1] In its original complaint, plaintiff maintained that venue in the Middle District of Tennessee was appropriate because plaintiff's principal place of business is in Lebanon, Tennessee. In its first amended complaint filed on December 5, 1983, pursuant to Rule 15(a) of the Federal Rules of Civil Procedure, the plaintiff asserted that venue lies with this Court because the plaintiff resides in the Middle District for venue purposes, because the claim arose in the Middle District, and because the defendant is doing business and resides in the district for venue purposes.

■ In actions such as the instant case, in which jurisdiction is based solely on diversity, venue is limited to those districts "where all plaintiffs or all defendants reside, or in which the claim arose." 28 U.S.C. § 1391(a). The purpose of venue is to assure that the plaintiff does not choose a forum for trial which is unfair to the defendant. *Leroy v. Great Western United Corp.*, 443 U.S. 173, 183–84, 99 S.Ct. 2710, 2716–17, 61 L.Ed.2d 464 (1979).

■ First, Precision Rubber is incorrect when it asserts that venue exists in the Middle District of Tennessee because the plaintiff resides there. Although Section 1391(a) states that a civil action may be brought in any district where all plaintiffs reside, the Supreme Court and the Courts of Appeals have uniformly held that corporations are residents of the states of their incorporation. *See Suttle v. Reich Brothers Construction Co.*, 333 U.S. 163, 166, 68 S.Ct. 587, 589, 92 L.Ed. 614 (1948); *Rosenfeld v. S.F.C. Corp.*, 702 F.2d 282, 283 (1st Cir.1983); *Tenneco Oil Co. v. Environmental Protection Agency*, 592 F.2d 897, 899 (5th Cir.1979); *Reuben H. Donnelley Corp. v. FTC*, 580 F.2d 264, 269–70 (7th Cir.1978); *Data Disc, Inc. v. Systems Technology Associates, Inc.*, 557 F.2d 1280, 1289 (9th Cir.1977); *American Cyanamid Co. v. Hammond Lead Products, Inc.*, 495 F.2d 1183, 1184 (3rd Cir.1974); *Manchester Modes, Inc. v. Schuman*, 426 F.2d 629, 630–32 (2d Cir.1970); *Robert E. Lee & Co. v. Veatch*, 301 F.2d 434, 436 (4th Cir.1961), *cert. denied*, 371 U.S. 813, 83 S.Ct. 23, 9 L.Ed.2d 55 (1962). Furthermore, as discussed below, Section 1391(c) does not apply to corporate plaintiffs, only to corporate defendants. Therefore, the Court concludes that venue in the Middle District may not be predicated on Precision Rubber's claim to be a resident of the Middle District for purposes of Sections 1391(a) or (c).

Plaintiff next argues that venue is proper in the Middle District of Tennessee because the claim arose in the Middle District. Although Section 1391(a) permits venue in the district in which the claim arose, it does not explain how a court should determine where a claim in fact arose. *See* 15 C. Wright, A. Miller, and E. Cooper, *Federal Practice and Procedure* § 3806 (1976) [hereinafter cited as Wright & Miller]. In *Leroy*, the Supreme Court acknowledged this problem by suggesting that the assumption that a claim may arise in only one district was "occasionally fictive." 443 U.S. at 184–85, 99 S.Ct. at 2716–17.

■ In order to decide where claims such as a breach of contract have arisen for purposes of Section 1391(a), courts have used three different approaches. *See* Wright & Miller, at § 3806. The first approach employs the minimum contacts test

---

[1] It is well settled that by providing for the possibility of declaratory judgments, Congress did not expand the jurisdiction of the federal courts. *Skelly Oil Co. v. Phillips Petroleum Co.*, 339 U.S. 667, 671, 70 S.Ct. 876, 878, 94 L.Ed. 1194 (1950). Thus, there is no federal issue in this case. The Court concludes that the claim in dispute is whether Precision Rubber has breached its contract with McCarthy.

used to establish personal jurisdiction under state long arm statutes. *See, e.g., Oce-Industries, Inc. v. Coleman,* 487 F.Supp. 548, 552 (E.D.Ill.1980); *Bastille Properties, Inc. v. Hometels of America, Inc.,* 476 F.Supp. 175 (S.D.N.Y.1979). The minimum contacts test, however, is a function of state long arm statutes, whereas venue in federal courts is solely a function of federal law. *Leroy,* 443 U.S. at 183 n. 15, 99 S.Ct. at 2716 n. 15. *See also* Wright & Miller, at § 3806. Because the purpose of the venue statute is to provide a convenient forum for the litigants and the witnesses, *Leroy,* 443 U.S. at 185, 99 S.Ct. at 2717, this Court concludes that the minimum contacts test is inappropriate as a means of determining where the claim arose for purposes of Section 1391.

■ The second test, which has been adopted by the Eighth Circuit, requires a court to accommodate "the aggrieved party" first in determining where the claim arose. *Gardner Engineering Corp. v. Page Engineering Co.,* 484 F.2d 27, 33 (8th Cir.1973). This Court chooses not to embrace the Eighth Circuit test. The Supreme Court has held that Section 1391 was designed to provide a convenient forum for litigants *and* witnesses. *Leroy,* 443 U.S. at 185, 99 S.Ct. at 2717. Therefore, the Court concludes that a test which focuses largely on only one litigant is inappropriate.

■ The weight of contacts test, which is the third test, has been used in antitrust cases. *See, e.g., Philadelphia Housing Authority v. American Radiator & Standard Sanitary Corp.,* 291 F.Supp. 252, 260–61 (E.D.Pa.1968). Under that test, the court must look to the district wherein venue is claimed to determine if the contacts with that district are significant. *Id.* The Court concludes that this is the proper test to determine venue. Although this standard is vague, it does afford the court the flexibility to permit venue to lie in a district which is convenient in terms of many factors, including the availability of witnesses, the accessibility of evidence, and the conve-

nience of the defendant. *Leroy,* 443 U.S. at 185, 99 S.Ct. at 2717.

■ Under the weight of contacts test, the Court must determine if the contacts with this district are significant enough to justify venue. The defendant contends that the records of George McCarthy, Inc. have been transferred to plaintiff's office in Michigan and that many nonparty witnesses are in Michigan. But the other contacts suggest that the Middle District of Tennessee is the proper district. The defendant has maintained contractual relationships and otherwise done business with plaintiff, a Delaware corporation, since 1947. Some negotiations took place for the 1976 agreement in Tennessee. Most of the goods sold by defendant were manufactured in Tennessee and shipped from Tennessee. Defendant's employees made many trips to Tennessee to consult with plaintiff, and all orders were accepted by plaintiff in Tennessee. Although defendant did not sell the goods purchased from plaintiff in Tennessee, the weight of this contact is not substantial. The Court deems that the important contacts between these two parties involved the negotiations of and performance under the contract, not in the sale of goods by McCarthy. Based on the weight of contacts, the Court concludes that the claim arose in the Middle District of Tennessee for the purposes of Section 1391(a).

■ Even if the claim had not arisen in the Middle District, the Court is convinced that the plaintiff may properly choose this district for venue purposes under 28 U.S.C. §§ 1391(a), (c). Section 1391(a) states: "[a] civil action wherein jurisdiction is founded only on diversity of citizenship may, except as otherwise provided by law, be brought only in the judicial district where all plaintiffs or all defendants reside, or in which the claim arose." A defendant corporation, however, is deemed a resident of a district for venue purposes in districts where it is incorporated, licensed to do business, or in fact does business. 28 U.S.C. § 1391(c). *See Reubin H. Donnelley Corp. v. FTC,* 580 F.2d at 269–70; *American Cyanamid*

*Co. v. Hammond Lead Products, Inc.*, 495 F.2d at 1184–85; *Manchester Modes, Inc. v. Schuman*, 426 F.2d at 630; *Carter-Beveridge Drilling Co. v. Hughes*, 323 F.2d 417, 418 (5th Cir.1963); *Robert E. Lee & Co. v. Veatch*, 301 F.2d at 437–38; *McLouth Steel Corp. v. Jewel Coal and Coke Co.*, 432 F.Supp. 10, 13–15 (E.D.Tenn. 1976) (all stand for the proposition that section 1391(c) applies only to corporate defendants, not corporate plaintiffs).

 Although George McCarthy, Inc. is not licensed or incorporated in Tennessee, the Court concludes that McCarthy is clearly doing business in the Middle District of Tennessee for venue purposes under Section 1391(c). The standard for determining if a corporation is doing business in a particular district is not clearly established. Some courts have held that the corporation is doing business in the district if it satisfies the constitutional minima necessary to be served with process in that district. *See, e.g., Dual Corp. v. Rudolph Beaver, Inc.*, 540 F.2d 1230, 1231–33 (4th Cir.1976). Other courts have held that more contacts were required, although the precise quantity and quality of contacts vary. *Compare Medicenters of America, Inc. v. T and V Realty & Equipment Corp.*, 371 F.Supp. 1180, 1182 (E.D.Va.1974) (more than a simple act of entering into a single contact is necessary) *with Warner Press, Inc. v. Warner Books, Inc.*, 366 F.Supp. 187, 189 (S.D.Ind.1973) (nonresident publisher who used an independent contractor to sell its books was doing business in Indiana). Under either test, the Court is convinced that McCarthy was doing business in the Middle District for the purposes of Section 1391(c). As described above, McCarthy has entered into contracts with a Tennessee corporation, has negotiated in Tennessee, has placed orders with the Tennessee corporation, and has received goods manufactured in and shipped from Tennessee. The Court concludes that for the purposes of 28 U.S.C. §§ 1391(a), (c), McCarthy is a resident defendant corporation of the Middle District of Tennessee.

The defendant also moves in the alternative for a transfer of venue under 28 U.S.C. § 1404 to the Eastern District of Michigan. Section 1404 permits the Court *in its discretion* to transfer a civil action to a more appropriate district for the convenience of the parties and witnesses and in the interest of justice. *See Security and Exchange Commission v. Savoy Industries, Inc.*, 587 F.2d 1149, 1158 (D.C.Cir.1978); *Ford Motor Co. v. Ryan*, 182 F.2d 329, 330–32 (2d Cir.), *cert. denied*, 340 U.S. 851, 71 S.Ct. 79, 95 L.Ed. 624 (1950). At this time, the Court concludes that, based on the record before it, a change in venue is not appropriate.

An appropriate ORDER will enter in accordance with this Memorandum.